UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


TERRI KICKLIGHTER,

      Petitioner,

vs-                                       Case No.  6:10-cv-354-Orl-31GJK

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

      Respondents.

_____/

## <u>ORDER</u>

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11).  Petitioner filed a reply to the response (Doc. No. 14).

Petitioner alleges four claims for relief in her habeas petition:  1) the State failed to file formal charges against her within the time limitations prescribed by law; 2) the information and amendments thereto were improperly consolidated or joined; 3)  trial counsel was ineffective ; and 4) the State lacked jurisdiction to prosecute this case since the committed acts fell within federal jurisdiction.

## I.      Procedural History

Petitioner was initially charged in numerous, separate cases with multiple counts of various crimes, including, among other matters, racketeering, third degree grand theft, and uttering a forged check.  Eventually, the State filed a third amended information combining all the charges, and Petitioner and several other individuals were charged with the commission of various crimes.  Petitioner was charged with racketeering (count 1), conspiracy to commit racketeering (count 2), grand theft (counts 13, 15, 39, and 47), and uttering a forged check (counts 14, 16, 40, and 48).  Petitioner subsequently entered into a plea whereby she pled guilty to the charges, except  that the State agreed to enter a *nolle prosequi* as to count 2.  The trial court accepted the pleas, adjudicated Petitioner guilty of the crimes, and sentenced her to imprisonment for a total term of 126 months, followed by probation for a term of 234 months.  Petitioner did not file a direct appeal.

Petitioner next filed a motion for modification of sentence with the state trial court, which was denied.  It does not appear that Petitioner appealed the denial.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and an amendment thereto, which was denied.  Petitioner appealed the denial, and the state appellate court affirmed *per curiam*.

Petitioner also filed a motion to correct illegal sentence with the state trial court, which was denied in part and granted in part.  The motion was granted in that her sentence was corrected to reflect that she should have been imprisoned for a term of 60 months with no probation to follow.  It does not appear that Petitioner appealed that ruling.

2

Petitioner later filed a motion to reduce sentence with the state trial court, which was denied.  It does not appear that Petitioner appealed the denial.

## II.    *Legal Standards*

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially

indistinguishable facts.   Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.      Standard for Ineffective Assistance of Counsel**

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.   The first prong of the

---

[1]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

*Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687.[2] A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

## C. *Procedural Default*

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[3] or (2) are not exhausted but would clearly be barred if returned to state court.[4] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims

---

[2]In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

[3]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

[4]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[5]

There are two exceptions to the procedural default bar.  The first is the "cause and prejudice" exception;[6] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances.  *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).

### III.     *Analysis*

### A.     *Claim One*

Petitioner argues that the State failed to file formal charges against her within the time limitations prescribed by law.  She cites to section 932.63, Florida Statues in support of this claim.  This claim was raised in Petitioner's Rule 3.850 motion and was denied because section 932.63 only applied when a person was charged with a violation of a county or municipal ordinance and Petitioner was not charged with violating a county or municipal ordinance.

Pursuant to 28 U.S.C. section 2254, a state prisoner is entitled to federal habeas corpus relief if he (or she) is held in custody in violation of the Constitution, laws, or treaties of the United States.  A mere error of state law does not constitute a denial of due

---

[5]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court.  *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

[6]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice.").

process.  *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991).  Moreover, this Court expresses no opinion on the state trial court's interpretation of Florida law.  A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.  *See Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982).  When no question of a federal constitutional nature is involved, the state court's interpretation of Florida law provides no basis for federal habeas corpus relief.  Since this claim is based exclusively on state law issues that are merely "couched in terms of equal protection and due process," it must be denied.  *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976).

Moreover, section 932.63 deals with individuals charged with violating a county or municipal ordinance and such causes are transferred by a petition to the appropriate court in which a trial by jury is provided.  *See State v. Cook*, 264 So. 2d 417 (Fla. 1972) (sections 932.61 through 932.65 relate "to a transfer of a municipal charge to a court providing trial by jury[, and they] should be construed together and read in pari materia.").  Since Petitioner's charges were not violations of county or municipal ordinances that were transferred, section 932.63 was inapplicable.

**B.**     ***Claim Two***

Petitioner states that the information and amendments thereto were improperly consolidated or joined.  This claim was raised in Petitioner's Rule 3.850 motion.  The trial court denied the claim because it was not cognizable in the Rule 3.850 motion and because the filing of an amended information had the effect of a *nolle prosequi* on the original

information.

Claim two is actually a state law claim, and it is not subject to federal habeas review. *See White v. Singletary*, 70 F.3d 1198 (11th Cir. 1995). Therefore, claim two is denied.

In addition, Petitioner did not present this claim to the state courts in terms of a deprivation of a federal constitutional right. Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). "[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden*, 135 F.3d at 736 n.4. Thus, claim two is unexhausted. Moreover, since Petitioner would be precluded from now raising this claim in the state courts, it is procedurally defaulted. Petitioner has failed to satisfy either of the exceptions to the procedural default bar, and, therefore, this claim is also denied as procedurally barred.

## C. *Claims Three and Four*

In claim three, Petitioner states that trial counsel was ineffective because counsel failed to do the following: a) move for dismissal of the racketeering charge based on the State's failure "to meet the element of an enterprise"; b) present an alibi defense; c) move for dismissal based on a speedy trial rule violation; d) properly convey the terms of the plea offer; and e) "move for a severance of the defendants and/or informations after the consolidation and/ or joinder was outside of the [applicable] time limitations . . . ." In claim four, Petitioner argues that the State lacked jurisdiction to prosecute this case since the committed acts fell within federal jurisdiction.

1.    *Claim 3a*

Petitioner states that trial counsel was ineffective for failing to move for a dismissal of the racketeering charge "based on the State's failure to meet the element of an enterprise."   This claim was raised in Petitioner's Rule 3.850 motion and was denied because the offense of racketeering was adequately alleged and supported by the facts of the case.

Pursuant to section 895.03(4), Florida Statutes, a pattern of racketeering is defined as

> engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after the effective date of this act and that the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.

In the present case, the third amended information adequately alleged a pattern of racketeering activity.   The third amended information alleged nineteen predicate acts against numerous victims, which occurred over a fifteen-month period.   Each predicate act described, among other matters, the defendants involved, the victim, the nature of the racketeering, and the date of the activity.   In addition, evidence of the racketeering was presented in an Investigative Summary prepared by the Florida Department of Law Enforcement, wherein Petitioner described in detail the nature of the racketeering activity.[7]

As such, counsel was not deficient for failing to move to dismiss the racketeering

---

[7]As part of the investigation, Petitioner was interviewed by Special Agent Carol Cleary of the Florida Department of Law Enforcement.

charge, and there has been no showing of prejudice.  Under the circumstances, Petitioner has not shown that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas relief on this claim.

2.      *Claims 3b, 3c, 3e, and 4*

Claims 3b, 3c, 3e, and 4 were not raised in the state courts.  Therefore, these claims are procedurally barred.  Petitioner has not shown either cause or prejudice that would excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception.  The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, these claims are procedurally barred and must be denied.

3.      *Claim 3d*

Petitioner states that counsel did not  properly convey the terms of the plea offer.  This claim was raised in Petitioner's Rule 3.850 motion and was denied because the record did not support Petitioner's allegations.

According to Petitioner, the State offered her "a plea sentence of 10 years," and she counter-offered "5 years DOC followed by 5 years probation."  However, Petitioner states that counsel refused to convey the counter-offer.

Aside from vague and conclusory allegations, Petitioner has offered no evidence to prove that, had her counsel countered with a different offer, the State  would have accepted

10

such an offer.  Further, Petitioner has not demonstrated that she was coerced into accepting the plea agreement.  In fact, Petitioner acknowledged in the plea agreement that 1) she had not been subjected to force, duress, threats, intimidation or pressure to enter into the agreement, and 2) there was no agreement as to the sentence the trial court could impose. Clearly, Petitioner pled guilty knowing full well that there was no agreement as to the sentence she would receive, and she has failed to show that her trial counsel's alleged failure to counter the plea offer prejudiced her defense.  As a consequence, Petitioner's counsel did not act deficiently with regard to this matter, and there has been no showing of prejudice.  Under the circumstances, Petitioner has failed to show that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).  Thus, Petitioner is not entitled to federal habeas relief on this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Terri Kicklighter is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      This Court should grant an application for certificate of appealability only if

the Petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[8] Accordingly, a Certificate of Appealability is **DENIED** in this case.

      **DONE AND ORDERED** in Chambers in Orlando, Florida, this 16th day of June,

2011.

                                        GREGORY A. PRESNELL
                                 UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 6/16
Counsel of Record
Terri Kicklighter

---

[8]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

    The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.